UNITED STATES DISTRICT COURT FOR
WESTERN DISTRICT OF KENTUCKY
WESTERN DIVISION
AT OWENSBORO

G.C. III, by and through his next friends,
his parents, G.C. II and B.C                          PLAINTIFFS

V.                                                CASE NO. 4:09cv-102 M

OWENSBORO PUBLIC SCHOOLS                     DEFENDANTS

and

DR. LARRY VICK, in his individual capacity as
   Superintendent of Owensboro Public Schools
ANITA BURNETTE, in her individual capacity as
   Principal of Owensboro High School,
MELISSA BROWN, in her individual capacity as
   Assistant Principal of Owensboro High School,
CHRISTINA SMITH, in her individual capacity as
   Assistant Principal of Owensboro High School.

---

**COMPLAINT FOR DECLARATORY
AND
INJUNCTIVE RELIEF**

---

Comes now the Plaintiff G.C. III, by and through his next friend his parents G.C. II and B.C., and for his Complaint states as follows:

**I.**      **JURISDICTION**

This case arises under 42 U.S.C § 1983; therefore this Court has jurisdiction over the action pursuant to 28 U.S.C § 1343(a)(3) and 1331. The Plaintiff also asserts a state law claim pursuant to Article II of the Kentucky Constitution.

1.     The Plaintiff is a citizen of the United States residing in Owensboro Daviess County, Kentucky.

1

2. The Plaintiff is a minor and his interests are protected by his next friends, his parents, G.C. II, and B.C.

3. The Defendant, Owensboro Public Schools are a body politic, which can sue or be sued pursuant to KRS 160.160.

4. The Defendant, Dr. Larry Vick, is the Superintendent of Owensboro Public Schools. As Superintendent the Defendant Vick is responsible for the day to day operation of the school system.

5. The Defendant, Anita Burnette, is the Principal of Owensboro High School. As Principal Defendant Burnette is responsible for the day to day operation of the school.

6. The Defendant, Melissa Brown, is an Assistant Principal at Owensboro High School. As Assistant Principal Defendant Brown shares responsibility for the day to day operation of the Owensboro High School, including student discipline.

7. The Defendant, Christina Smith, is an Assistant Principal at Owensboro High School. As Assistant Principal Defendant Smith shares responsibility for the day to day operation of Owensboro High School, including student discipline.

## II.  FACTUAL ALLEGATIONS

8. The Plaintiff incorporates paragraphs 1-7 of his Complaint by reference.

9. At all times relevant the Plaintiff G.C. III was enrolled in Owensboro Public Schools and attended Owensboro High School.

10. The Owensboro High School adopted a policy concerning cell phone use by students.

11. On September 2, 2009 the Plaintiff possessed his cell phone on the campus of Owensboro High School.

12. On September 2, 2009 while the Plaintiff was in class the cell phone slipped from his pocket.

13. The cell phone was confiscated by the Plaintiff's teacher pursuant to school policy.

14. It is of the belief of the Plaintiff that upon confiscation the Plaintiff's cell phone the Plaintiff's teacher as well as the Defendant's Burnette, Brown and Smith searched the contents of his cell phone.

15. As a result of the warrantless and illegal search the Plaintiff was expelled from Owensboro High School.

16. As of the date of this Complaint the Plaintiff has not received any notification of his right to contest his suspension or expulsion.

17. The Plaintiff's suspension/expulsion has exceeded ten (10) days.

**FIRST CAUSE OF ACTION**
**First Amendment**
**United States Constitution**

18. The Plaintiff incorporates paragraph 1-18 by reference.

19. The Plaintiff's cell phone was his personal property in which he had an absolute First Amendment to the United States Constitution to free speech.

20. The Defendant violated the Plaintiff's right to free speech by the unauthorized reading of the Plaintiff's text messages to other individuals.

21. The Defendant's conduct in opening the Plaintiff's cell phone is facially unconstitutional in that it gives the Defendant's unlimited discretion or it allows the Defendant's no limits to search the Plaintiff's property to deny him free exercise of his First Amendment right to free speech.

22. The Defendant's conduct is unconstitutional as applied to the facts of this case.

## SECOND CAUSE OF ACTION
### Fourth Amendment
### United States Constitution

23. The Plaintiff incorporates paragraphs 1-23 by reference.

24. On September 2, 2009 the Defendants, Burnette, Brown and Smith, by wrongfully searching the Plaintiff's cell phone without consent or reasonable suspicion acted unreasonably and in reckless disregard for the Plaintiff's rights.

25. As a result of the Defendant's acts they deprived the Plaintiff of his right to be free from unlawful searches and seizures which are protected by the Fourth Amendment to the United States Constitution.

26. As a direct and proximate result of the Defendants' actions the Plaintiff has suffered special damages and will suffer additional damages in the future.

## THIRD CAUSE OF ACTION
### Fifth Amendment
### Right to Due Process

27. The Plaintiff incorporates paragraphs 1-27 by reference.

28. The Plaintiff at all times was enrolled in Owensboro Public Schools and attended Owensboro High School.

29. As a student in a public school the Plaintiff could not be suspended and/or expelled without Due Process of law.

30. KRS 158.150 outlines the procedural due process before a child can be removed from a public school.

31. The Defendants Burnette, Vick, Brown and Smith have acted intentionally maliciously and wantonly to deny the Plaintiff his right to due process in violation of the Fifth Amendment to the United States Constitution.

32. The acts of the Defendants as described above were intentional, wanton, malicious and oppressive thus entitling to an award of damages including punitive damages.

33. As a direct and proximate result of the Defendants' actions as described above, Plaintiff has suffered harm which he should be awarded damages.

**FIFTH CAUSE OF ACTION**
**Article II**
**Kentucky Constitution**

34. The Plaintiff incorporates paragraphs 1-34 by reference.

35. Article II of Kentucky Constitution prohibits use of absolute and arbitrary power of the state.

36. The Defendants Vick, Burnette, Brown and Smith acted in a malicious wanton manner violated the Plaintiff's right to be free from the arbitrary power of Owensboro Public Schools.

37. As a result of the violation of the Plaintiff's Kentucky Constitutional rights the Plaintiff has been harmed thus entitling him to collection of damages.

WHEREFORE the Plaintiff prays the Court:

1. Assume jurisdiction over his Complaint;

2. Find that the Defendants' conduct violated the rights guaranteed by the First Amendment to the United States Constitution.

3. Find that the Defendants' conduct violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

4. Find that the Defendants' conduct violated the Plaintiff's rights guaranteed by the Fifth Amendment to the United States Constitution.

5. Find that the Defendants' conduct violated the Plaintiff's rights protected by Article II of the Kentucky Constitution.

6. Award the Plaintiff jointly and severally for compensatory damages in an amount and punitive damages.

7. Summons a jury to hear all issues raised by the Plaintiff.

8. Award the Plaintiff reasonable attorney fees and costs for the action.

9. Award the Plaintiff any and all other legal or equitable relief the Court deems just.

Respectfully Submitted,

*/s/Edward E. Dove*
Hon. Edward E. Dove
201 West Short Street
Suite 310
Lexington, KY 40507
PHONE: (859)252-0020
FAX: (859)258-9288
ATTORNEY FOR PLAINTIFF