UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF KENTUCKY
WESTERN DIVISION AT OWNESBORO
NO. 4:09-CV-102-M

**G.C. III by and through**  **PLAINTIFF**
**his next friends G.C.II and B.C.**

V.

**OWNESBORO PUBLIC SCHOOLS et al**  **DEFENDANT**

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
\* \* \*   \* \* \* \*   \* \* \*

Comes now the Plaintiff, by and through counsel, and for his First Amended Complaint states as follows:

### I.    JURISDICTION

This case arises under 42 U.S.C § 1983 and 29 U.S.C. § 794; therefore this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1343(a)(3) and 1331. The Plaintiff also asserts a state law claim pursuant to Article II of the Kentucky Constitution.

1. The Plaintiff is a citizen of the United States residing in Owensboro, Davies County, Kentucky.

2. The Plaintiff is a minor and his interests are protected by his friends, his parents, G.C. II and B.C.

3. The Defendant, Owensboro Public Schools are a body politic, which can sue or be sued pursuant to KRS 160.160.

4. The Defendant, Dr. Larry Vick, is the Superintendent of Owensboro Public Schools. As Superintendent the Defendant Vick is responsible for the day to day operation of the school system.

5. The Defendant, Anita Burnette, is the Principal of Owensboro High School. As Principal, Defendant Burnette is responsible for the day to day operation of the school.

6. The Defendant, Melissa Brown, is an Assistant Principal at Owensboro High School. As Assistant Principal, Defendant Brown shares responsibility for the day to day operation of the Owensboro High School, including student discipline.

7. The Defendant, Christina Smith, is an Assistant Principal at Owensboro High School. As Assistant Principal, Defendant Smith shares responsibility for the day to day operation of the Owensboro High School, including student discipline.

## II.   FACTUAL ALLEGATIONS

8. The Plaintiff incorporates paragraphs 1-7 of his Complaint by reference.

9. At all times relevant the Plaintiff G.C. III was enrolled in Owensboro Public Schools and attended Owensboro High School.

10. The Owensboro High School adopted a policy concerning cell phone use by students.

11. Without Plaintiff's consent the adminstration of Owensboro High School accessed the Plaintiff's text messages on the Plaintiff's cell phone.

12. As a result of the access to the Plaintiff's text messages the Plaintiff was ordered to be evaluated by mental health professionals.

13. It is the belief of the Plaintiff and his parents that the Defendant contacted his mental health service provider and discussed the Plaintiff's mental state without consent.

14. As a result of the conversation, the Defendant believed that the Plaintiff may have needed intervention of counseling with a mental health profesional.

15. Despite the belief that the Plaintiff may have needed mental health interventions, the Defendant did not refer the Plaintiff for any in school evaluations that may have led to

modifications or accomodations to allow the Plaintiff to receive a free and approproate education.

16. On September 2, 2009 the Plaintiff possessed his cell phone on the campus of Owensboro High School.

17. On September 2, 2009 while Plaintiff was in class the cell phone slipped from his pocket.

18. The cell phone was confiscated by the Plaintiff's teacher pursuant to school policy.

19. It is the belief of the Plaintiff that upon confiscation of the Plaintiff's cell phone, the Plaintiff's teacher as well as the Defendants Burnette, Brown and Smith searched the contents of his cell phone.

20. As a result of the warrantless and illegal search the Plaintiff was expelled from Owensboro High School.

21. As of the date of this Complaint the Plaintiff has not received any notification of his right to contest his suspension or expulsion.

22. The Plaintiff's suspension/expulsion has exceeded ten (10) days.

### First Cause of Action
*First Amendment*
**United States Constitution**

23. The Plaintiff incorporates paragraphs 1-22 by reference.

24. The Plaintiff's cell phone was his personal property in which he had an absolute First Amendment to the United States Constitution right to free speech.

25. The Defendant violated the Plaintiff's right to free speech by the unauthorised reading of the Plaintiff's text messages to other individuals.

26. The Defendant's conduct in opening the Plaintiff's cell phone is facially unconstitutional in that it gives the Defendant's unlimited discretion or it allows the Defendant's no limits

to search the Plaintiffs' property to deny him free exercise of his First Amendment right to free speech.

27. The Defendant's conduct is unconstitutional as applied to the facts of this case.

### Second Cause of Action
*Fourth Amendment*
**Unreasonable Search**

28. The Plaintiff incorporates paragraphs 1-27 by reference.

29. On September 2, 2009 the Defendants, Burnette, Brown and Smith, by wrongfully searching the Plaintiff's cell phone without consent or reasonable suspicion acted unreasonably and in reckless disregard for the Plaintiff's rights.

30. As a result of the Defendants' acts they deprived the Plaintiff of his right to be free from unlawful searches and seizures which are protected by the Fourth Amendment to the United States Constitution.

31. As a direct and proximate result of the Defendants' actions the Plaintiff has suffered special damages and will suffer additional damages in the future.

### Third Cause of Action
*Fifth Amendment*
**Right to due process**

32. The Plaintiff incorporates paragraphs 1-31 by reference.

33. The Plaintiff at all times was enrolled in Owensboro Public Schools and attended Owensboro High School.

34. As a student in a public school the Plaintiff could not be suspended and/or expelled without Due Process of Law.

35. KRS 158.150 outlines the procedural due process before a child can be removed from a public school.

36. The Defendants Burnette, Vick, Brown and Smith have acted intentionally maliciously and wantonly to deny the Plaintiff his right to due process in violation of the Fifth Amendment to the United States Constitution.

37. The acts of the Defendants as described above were intentional, wanton, malicious and oppressive thus entitling to an award of damages including punitive damages.

38. As a direct and proximate result of the Defendants' actions as descibed above, Plaintiff has suffered harm for which he should be awarded damages.

## Fourth Cause of Action
### *Section 504*
### of The Rehabilitation Act

39. The Plaintiff incorporates paragraphs 1-39 of his Complaint.

40. The Defendant,Owensboro Public Schools, as a recipient of public funding, is obligated to comply with all regulations prohibiting discriminatory practices included in 29 U.S.C. 794 more commonly known as Section 504.

41. Section 504 codified in 29 U.S.C. 794 *et al* with implementing regulations found in 34 CFR 104.32(a) requires the Defendant to locate and identify every qualified handicapped person residing in their jurisdiction.

42. As of March 5, 2009 the Defendant was aware of the Plaintiff's mental state but failed to undertake to identify the child in violation of 34 CFR 104.32.

43. As a result of the Defendant's failure to identify the Plaintiff he was denied interventions and ultimately his right to a free and appropriate education.

44. The Defendants also failed to notify the Plaintiff's parents of his procedural protections under §504 which denied the Plaintiffs' child free and appropriate education.

45. The Defendants also failed to take all reasonable steps in protecting the child from harassment while enrolled in Owensboro Public Schools.

46. Despite repeated warnings, the Defendants failed to take all reasonable steps to make modifications and/or accomodations which would have eliminated the child's exposure to harassment by a fellow student.

47. The harassment exacerbated the child's disability and led to his arrest and prosecution in Davis County judicial system.

48. The Defendant's intentional conduct of not responding to repeated requests for action to stop the harassment deprived the child of a free and appropriate education.

### Fifth Cause of Action
*Article II*
### Kentucky Constitution

49. The Plaintiff incorporates paragraphs 1-49 by reference.

50. Article II of Kentucky Constitution prohibits use of absolute and arbitrary power of the state.

51. The Defendants Vick, Burnette, Brown and Smith acted in a malicious wanton manner violating the Plaintiff's right to be free from arbitrary power of Owensboro Public Schools.

52. As a result of the violation of the Plaintiffs' Kentucky Constitutional rights the Plaintiff has been harmed, thus entitling him to collection of damages.

WHEREFORE the Plaintiff prays the Court:

1. Assume jurisdiction over his Complaint.

2. Find that the Defendants' conduct violated the Plaintiff's rights guaranteed by the First Amendment to the United States Constitution.

3. Find that the Defendants' conduct violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution.

4. Find that the Defendants' conduct violated the Plaintiff's rights gauranteed by the Fifth Amendment to the United States Constitution.

5. Find that the Defendant's failure to undertake to identify the child violated 29 U.S.C. 794 et seq.

6. Find that the Defendants' conduct violated the Plaintiff's rights by Article II of the Kentucky Constitution.

7. Award the Plaintiff jointly and severally for compensatory damages in an amount _____ and punitive damages.

8. Summons a jury to hear all issues raised by the Plaintiff.

9. Award the Plaintiff reasonable attorney fees and costs for the action.

10. Award the Plaintiff any and all other legal or equitable relief the Court deems just.

    Respectfully Submitted,

    /s/Edward E. Dove
    HON. EDWARD E. DOVE
    310 Lexington Building
    201 West Short Street
    Lexington, Kentucky 40507
    (859) 252-0020